### 47029. WISENBAKER v. THE STATE.
(383 SE2d 132)

CLARKE, Presiding Justice.

Appellant Wisenbaker was convicted of burglary, armed robbery, and the felony murder of Horace LaCount.[1] The underlying felony for

---

[1] The crime was committed on September 3, 1987. Appellant was indicted October 8, 1987. Following a jury trial, appellant was convicted and sentenced March 22, 1988. A motion for new trial was filed March 7, 1988, and denied March 23, 1989. The transcript was certi-

the felony murder was aggravated assault with a brick. Appellant was found not guilty of malice murder. The evidence at trial showed that LaCount's death resulted from a depressed skull fracture which was consistent with his being hit on the head with a brick. Several bricks in the area showed traces of blood of the same type as the blood of the victim.

Roger Townsend pled guilty to armed robbery and testified against appellant at trial. Townsend testified that the two went to LaCount's home to get some money and that appellant struck him with a brick and killed him. The victim was found in the doorway of a chicken pen behind his house. Appellant admitted that he went to LaCount's house with Townsend to get money and admitted that he was searching for money in LaCount's house while Townsend acted as lookout. However, he insisted that Townsend hit and killed LaCount with the brick. Townsend admitted that a pair of tennis shoes recovered from his trailer were his. Analysis by the State Crime Lab revealed that the shoes had chicken feathers on them but no blood.

The only issue raised on appeal is the sufficiency of the evidence. Appellant contends that the only evidence that he committed the murder is the uncorroborated testimony of an accomplice. OCGA § 24-4-8 provides that in felony cases the testimony of an accomplice is insufficient unless corroborated.

> However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. [Cit.] Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. [Cit.]

*Reaves v. State*, 242 Ga. 542, 543 (250 SE2d 376) (1978). See also *Slaughter v. State*, 257 Ga. 104 (355 SE2d 660) (1987); *Castell v. State*, 250 Ga. 776 (301 SE2d 234) (1983). Appellant's own statement is sufficient evidence of his participation in the crime to corroborate the testimony of Townsend.

We find that the evidence in this case is sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and sufficient to satisfy the requirements of OCGA § 24-4-8.

*Judgment affirmed. All the Justices concur.*

fied September 22, 1988. A notice of appeal was filed April 7, 1989. The case was docketed in this court May 9, 1989, and submitted for decision June 23, 1989.

DECIDED SEPTEMBER 11, 1989.

*Martin & Martin, Harold E. Martin,* for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.