S92A0530. LEDBETTER v. THE STATE.
(418 SE2d 57)

HUNT, Justice.

Victor Ledbetter hired Rick Campbell to kill Bobby Little and Little's girl friend, Kay Sheffield, because Little owed Ledbetter money for drugs. Campbell enlisted the help of Gus Shipman, and they tied up Little and Sheffield with duct tape and shot them in their trailer in Cherokee County. Campbell and Shipman pleaded guilty and testified against Ledbetter at trial, along with Ledbetter's half-brother and trailer mate, Richard Puckett, who was granted immunity. Ledbetter was convicted of two counts of murder, burglary, and distribution of cocaine and given consecutive life sentences for the murders, and concurrent 20-year sentences on the other two counts.[1] He appeals. We affirm.

1. Having reviewed the evidence in the light most favorable to

---

[1] The killings occurred on June 12, 1989. Ledbetter was arrested on June 13. His trial began on July 9, 1990, and he was convicted on July 13, 1990. He filed his motion for new trial on August 7. The court reporter certified the transcript on December 12, 1990. Ledbetter amended his motion for new trial on January 30, 1991, and again on November 13. The trial court denied the motion on December 2, and Ledbetter filed his notice of appeal on December 27. The case was docketed in the Court of Appeals on January 10, 1992, transferred to this court on January 31, argued, and submitted for decision on April 13.

the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder, burglary and distribution of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. Ledbetter contends he received ineffective assistance of counsel because his two retained counsel did not consult with him or investigate sufficiently so that witnesses and evidence, which would have undermined the state's case against him, were not presented at trial, leading Ledbetter to have a poor relationship with, and to distrust, his counsel. The trial court, considering this allegation on a motion for new trial brought by new counsel, found no merit to the claim[2] and we agree. *Cochran v. State*, 256 Ga. 113, 114 (344 SE2d 402) (1986); *Jones v. State*, 243 Ga. 820, 830-831 (256 SE2d 907) (1979); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

3. By failing to object or to demand a mistrial, Ledbetter waived review of his contention that the district attorney improperly referred to prejudicial matters not in evidence during closing argument. *Christenson v. State*, 261 Ga. 80, 90 (402 SE2d 41) (1991). However, we find the testimony of Campbell supported the inferences drawn by the state, *Hightower v. State*, 225 Ga. 681, 683 (171 SE2d 148) (1969), and his credibility was a question for the jury.

4. Ledbetter argues that the trial court erred in responding to the jury's question in a manner that violated OCGA § 17-8-57, which prevents a judge from giving any opinion as to what has or has not been proven. The jury asked:

> Is . . . the charge . . . distributing cocaine . . . the cocaine that was found on Campbell? We need to know whether it was the charge of just distributing cocaine or that particular cocaine. . . .

The trial court responded:

> I'm not really permitted to answer your question. The charge on count number six charges him with distributing cocaine; "did then and there distribute a controlled substance, to wit: cocaine on the 12th and 13th day of June, 1989." Now there must be evidence that he distributed cocaine, and you may

---

[2] After complaining to the trial court prior to trial that he "may need to replace his lawyers," Ledbetter was given the opportunity to hire new counsel, but chose not to do so. The trial court found that trial counsel were experienced and competent, and refused their motion to withdraw on the ground that Ledbetter was not complaining about their competence, but only that he distrusted them.

> consider whether or not there is — *if the cocaine found on Campbell,* if that was, in fact, cocaine, and . . . if you should find that it was distributed by the defendant, then you may consider that.
>
> *** I will say that the law provides that there must be some identification of the substance, and I don't feel like identification by a lay witness is sufficient, as a matter of law. So, it must be some substance that was, in fact, identified as cocaine, by competent evidence. [Emphasis supplied.]

Assuming the emphasized statement was error, it was harmless because this fact was not in contest; in contention was whether the cocaine, seized from Campbell and found in a Chapstick tube, was obtained from the defendant. The trial court directed the jury to the evidence necessary to convict, but did not express an opinion about it. Furthermore, the trial court's response was helpful to the defense because the jury's focus was directed to the cocaine distributed to Campbell, even though there was some evidence of other cocaine distributed by Ledbetter on the dates in question. We find no reversible error.

5. In a related enumeration of error, Ledbetter contends the evidence does not support the conviction for distributing cocaine because there is no corroboration of Campbell's testimony that the cocaine seized from him was the remains of the $700 to $800 worth of cocaine given to him by Ledbetter. However, Shipman testified he saw Ledbetter hand Campbell a small packet of cocaine. Slight evidence of corroboration is all that is required, *Wisenbaker v. State,* 259 Ga. 416, 417 (383 SE2d 132) (1989), and the testimony of one accomplice may be corroborated by the testimony of another. *Ledesma v. State,* 251 Ga. 885 (311 SE2d 427) (1984).

6. The trial court did not abuse its discretion in limiting voir dire, upon the state's objection, by denying Ledbetter the right to examine prospective jurors regarding legal principles such as the presumption of innocence and the state's burden of proof. *Baxter v. State,* 254 Ga. 538, 543 (7) (331 SE2d 561) (1985).

7. After Campbell pleaded guilty and the state filed an amended notice of intent to introduce evidence of similar transactions,[3] Ledbetter requested a continuance, which was denied, despite Ledbetter's

---

[3] The trial commenced on July 6, 1990. The original notice of intent to introduce similar crimes was filed on June 25, naming Mike Davis, who had already testified against the defendant at a bond hearing. The amended notice, filed on June 27, added four names to the list, but was timely. USCR 31.1. This notice was again amended, within ten days of the trial, only to narrow the scope of time involved in two of the similar-crimes and the objection made at the time was only to the imprecise time frame involved, and not to the timeliness of the motion.

withdrawal of his demand for a speedy trial. The defendant alleges no specific harm and his trial attorneys testified at the motion for new trial that they were not hampered or hurried by the new evidence. *Appling v. State*, 256 Ga. 36 (343 SE2d 684) (1986). In fact, after Campbell pleaded guilty, his rather lengthy statement became available, which helped the defense. We find no abuse of discretion. *Thaxton v. State*, 260 Ga. 141, 144 (390 SE2d 841) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1992.

*Troy R. Millikan*, for appellant.

*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.

*Judgment affirmed. All the Justices concur.*