A94A1943. PADEN v. THE STATE.
(453 SE2d 788)

RUFFIN, Judge.
William Jefferson Paden was convicted of possession with intent to distribute crack cocaine in violation of the Georgia Controlled Substances Act (OCGA § 16-13-30) and, pursuant to OCGA § 16-13-30 (d), was sentenced to life imprisonment. This appeal follows the trial court's denial of Paden's motion for new trial.

Viewed in the light to support the verdict, the evidence shows that on the afternoon of February 5, 1993, narcotics agents executed a search warrant at co-indictee Frankie Maxine Lindley's residence where they discovered Paden and Lindley in Lindley's bedroom. On the floor beside the bed, Agent McCoy found a glass tube commonly known as a "straight shooter" used in smoking crack cocaine, two rock-like substances believed to be crack cocaine, a razor blade, and a few hand-rolled cigarettes believed to be marijuana. Agent McCoy testified that a smokey haze permeated the room and that the "straight-shooter" was blackened and warm to the touch. Agents found in excess of $200 in Paden's clothing and $41 on the dresser beside an amber pill bottle containing 38 pieces of crack cocaine of a size commonly distributed at a price of $10 to $20.

After pleading guilty to possession of crack cocaine, Lindley testified at trial that she telephoned Paden on the morning of February 5, and he agreed to bring her $85 for her rent in exchange for sex. Lindley stated that before the agents arrived she melted some crack co-

caine in the bedroom, but that any smoke must have come from a roast and vegetables cooking in the kitchen. Agent Pace, however, testified that no roast or any other food was being prepared in the kitchen when the search warrant was executed.

Lindley also testified that the previous night, several friends had been smoking marijuana in her room. She testified that her boyfriend had also been there, but returned to Tennessee after an argument early that morning. Lindley further claimed to know nothing about the 38 rocks of crack found on her dresser and not to have seen them in Paden's possession. The jury also heard evidence that Paden had deposited approximately $170 in Lindley's jail account during the three months prior to his trial. Lindley denied that she was protecting Paden.

Paden testified that he gave $85 to Lindley as a loan to pay her rent, that the $200 taken from his pants pocket was salary received that day, and that he did not see Lindley smoke any crack cocaine. He also testified that neither the $41 nor the 38 pieces of crack on the dresser belonged to him and that he deposited money in Lindley's jail account because he was a family friend.

1. Paden enumerates as error the denial of his motions for a directed verdict of acquittal and for a new trial. In prosecuting Paden for possession with intent to distribute crack cocaine, the State relied on circumstantial evidence to show constructive possession with intent to distribute. "[A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citations and punctuation omitted.) *Reid v. State,* 212 Ga. App. 787, 788 (442 SE2d 852) (1994).

In addition, "[w]here a conviction for possession of contraband depends entirely on circumstantial evidence, it must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis." *Ennis v. State,* 130 Ga. App. 716, 717 (2) (204 SE2d 519) (1974). "When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt. While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must view the evidence in the light most favorable to the jury verdict, we must not be blinded by that verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law." (Citations and punctuation omitted.) *Brooks*

*v. State*, 206 Ga. App. 485, 486-487 (1) (425 SE2d 911) (1992).

Here, the circumstantial evidence and the reasonable inferences derived therefrom were insufficient to connect Paden to the crack cocaine found at the residence of an admitted crack cocaine user, premises that Paden did not regularly occupy. Moreover, Lindley rented a room in a house where others also resided, and she testified that on the night of February 4, friends and other residents used drugs in her bedroom. Even if the jury chose not to believe this testimony, it is undisputed that Paden did not live in the house. In *Ennis*, supra at 717, we recognized our Supreme Court's approval of the rule that "where the evidence on the possession of contraband is entirely circumstantial, it is usually sufficient to convict where the proof shows the premises to be occupied by and under the control of the accused, but if the proof also shows that others than the accused have equal right of access and occupancy it is usually insufficient." The fact that Paden, employed as a wrecker driver, possessed over $200 when arrested is also insufficient to connect him to the 38 pieces of cocaine on Lindley's dresser. Similarly, evidence that Paden deposited money in Lindley's jail account, while perhaps suspicious, does not connect Paden to the cocaine. Whether he did so as a family friend or, as the State argues, to influence Lindley's trial testimony, the jury was not authorized to infer from such evidence a connection between Paden and the cocaine. Paden offered a reasonable hypothesis for the events and the State failed to prove he was in constructive possession of cocaine sufficient to sustain a conviction for possession with intent to distribute. It follows that the jury was not authorized by the evidence to return a guilty verdict on that charge beyond a reasonable doubt, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ridgeway v. State*, 187 Ga. App. 381 (370 SE2d 216) (1988), and that Paden's motion for a directed verdict should have been granted.

2. Paden's remaining enumerations need not be considered in light of our holding in Division 1.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1995.

*J. Al Johnson,* for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys,* for appellee.