## A99A1312. WILLIAMS v. THE STATE.

(522 SE2d 43)

RUFFIN, Judge.

Kendall Williams was convicted of possession of cocaine. He appeals the denial of his motion to suppress evidence resulting from the search of his house, arguing that the affidavit used to obtain a search warrant did not establish probable cause because it did not show the reliability of a confidential informant. Because this contention is without merit, we affirm.

On February 26, 1998, Detective U. D. Rios of the DeKalb County Police Department applied for a warrant to search Williams' home. Rios submitted an affidavit stating that he had been advised by Special Agent Farr of the Drug Enforcement Administration that a confidential informant had made a purchase of cocaine at Williams' residence within the past three days. Agent Farr, who had recorded the transaction, told Detective Rios that he heard Williams mention a gun during the transaction.

"In determining whether an affidavit sufficiently establishes probable cause, the totality of the circumstances analysis is to be employed." *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996). Under this test,

> "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." [*Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 2332, 76 LE2d 527) (1983).]

*State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

Williams contends that Detective Rios' affidavit was defective because it did not provide any indication of the reliability of the confi-

dential informant. However, the credibility of the affidavit was dependent not upon the reliability of the confidential informant, but upon the reliability of Special Agent Farr, who recorded the transaction at issue. We have previously held that "[w]hen a police officer is the informant the reliability of the informant is presumed as a matter of law." (Punctuation omitted.) *McConville v. State*, 228 Ga. App. 463, 467 (2) (491 SE2d 900) (1997); *McNeal v. State*, 133 Ga. App. 225, 228 (2) (211 SE2d 173) (1974). Moreover,

> it was not essential that [Agent Farr] and the informant appear before the magistrate. The rule in Georgia has been that an affidavit supporting a search warrant may be based on hearsay information as long as there is a substantial basis for crediting the hearsay.

(Punctuation omitted.) *Lewis v. State*, 234 Ga. App. 873, 876 (1) (b) (508 SE2d 218) (1998). Under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed, and the trial court thus did not err in denying Williams' motion to suppress. See id. at 875-876.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 18, 1999.

*Corinne M. Mull*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.