A00A0900, A00A0901. STEVENS v. THE STATE (two cases).
A00A0902. HILL v. THE STATE.
(537 SE2d 688)

MIKELL, Judge.

Samantha Stevens, Willie James Stevens, and Shawn Hill were jointly tried and convicted of a single count of trafficking in cocaine.[1] The trial court denied their motions for new trial, and the defendants filed separate appeals. As the cases involve the same set of facts, we will consolidate them for disposition.

Viewed in the light most favorable to the verdict, the evidence reveals that Richmond County narcotics investigator Stacey Williams conducted three weeks of surveillance outside a residence in Hephzibah after neighbors complained of suspected drug activity there. Investigator Williams observed numerous suspicious transactions and ultimately retained a confidential informant ("CI"), who purchased cocaine at the home from an unknown, 40-year-old male. Investigator Williams then secured a search warrant and arranged for the CI to make a second drug purchase on the premises.

The search warrant was immediately executed. Samantha Stevens was found sleeping with an infant on a bare bedroom floor. No drugs or drug paraphernalia were found in that bedroom or on Ms. Stevens's person.

Ms. Stevens's brother, Willie James Stevens, was found sitting on a couch in the living room. The search team found 40 grams of cocaine, $1,408 in cash, a .45 caliber pistol, a set of scales, Mr. Stevens's driver's license, an accident report bearing his name, a cellular phone, and men's clothing in a nearby bedroom.

Hill was found in a bathroom flushing an empty plastic baggie down the toilet. The following items were found in the adjoining bedroom: 2.1 grams of rock cocaine, a .38 caliber pistol, and, in Hill's pants, $40 in marked funds that the CI had used to purchase cocaine

---

[1] OCGA § 16-13-31 (a) (1) (A).

immediately preceding the search. Investigator Williams testified that when Hill heard the search team discovering contraband in the bedroom containing Mr. Stevens's personal items, Hill turned toward his dresser and exclaimed: "that's all the crack cocaine I have right there on the dresser. . . . That's not trafficking, so that's a lesser charge."

## Case No. A00A0900

1. Ms. Stevens enumerates as error the denial of her motion for a directed verdict of acquittal, arguing that the state failed to produce any evidence showing that she possessed the cocaine. We agree and reverse her conviction.

The relevant element of trafficking in cocaine is knowing possession of 28 grams or more of cocaine.[2] Possession may be joint or exclusive and actual or constructive.[3] Spatial proximity alone is insufficient to prove joint constructive possession of contraband.[4] Mere presence, without proof of participation, is insufficient to support a conviction. Rather, the state must show that the defendant had the power and intent to exercise control over the cocaine.[5]

> [M]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. For the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found.[6]

Investigator Williams admitted at trial, and the state concedes in its appellate brief, that no evidence was found connecting Ms. Stevens to the cocaine.[7] The room where Ms. Stevens was found asleep contained nothing more than a "couple of baby items." No drugs were found on her person or in the room. The residence was not leased in her name.

---

[2] Id.

[3] *Lawrence v. State*, 238 Ga. App. 102, 103 (1) (517 SE2d 822) (1999).

[4] *Paden v. State*, 216 Ga. App. 188, 189 (1) (453 SE2d 788) (1995).

[5] *Cooper v. State*, 237 Ga. App. 837, 838 (2) (517 SE2d 85) (1999).

[6] (Citation and punctuation omitted.) *Mathis v. State*, 204 Ga. App. 896, 898 (1) (420 SE2d 788) (1992); see also *Childers v. State*, 218 Ga. App. 457 (462 SE2d 412) (1995).

[7] Compare *Sing v. State,* 217 Ga. App. 591 (458 SE2d 493) (1995), where defendant told police he leased the apartment and knew drugs were being sold there.

Other than her presence, the only evidence suggesting that Ms. Stevens occupied the premises was the fact that the power bill was addressed to her. However, this evidence was rebutted by testimony indicating that Ms. Stevens permitted the account to be opened in her name because her co-defendants had poor credit ratings and were unable to establish their own account. Moreover, the evidence shows that personal items belonging to the co-defendants were found along with the cocaine. Hill's incriminating statement was introduced into evidence. Thus, evidence was presented to show that Ms. Stevens's co-defendants had equal access to the bedrooms where the contraband was found and an equal opportunity to commit the crime.[8] It follows that the trial court erred in denying Ms. Stevens's motion for a directed verdict of acquittal.[9]

### Case No. A00A0901

2. We reject Mr. Stevens's argument that the evidence was insufficient to support his conviction.

Viewed in the light most favorable to Mr. Stevens's conviction, the evidence shows that his driver's license, an accident report bearing his name, men's clothing, a .45 caliber pistol, a cellular telephone, and scales were found in the bedroom in which the 40 grams of cocaine and $1,408 in cash were discovered. This evidence authorized the jury to find beyond a reasonable doubt that Mr. Stevens had joint constructive possession of the cocaine and was guilty as a party to the crime of trafficking in cocaine.[10]

3. Mr. Stevens next asserts that the state committed racial discrimination during jury selection by exercising four of its six peremptory strikes against African-Americans.[11] We find no error in the denial of Mr. Stevens's *Batson* motion.

The prosecutor explained that he struck three of the prospective jurors because he believed that they were mentally challenged, based on their unresponsiveness to voir dire questions. The prosecutor stated that he struck the fourth juror because she was a teacher and might have come into contact with the defendants' children at the school where she taught. "Unless a discriminatory intent is inherent in the . . . proponent's explanation [for a strike], the reason offered will be deemed race neutral."[12] "A trial court's determination of a *Bat-*

---

[8] *Shreve v. State*, 172 Ga. App. 190, 191 (322 SE2d 362) (1984).

[9] See *Morrison v. State*, 220 Ga. App. 151, 152-154 (1) (a) (469 SE2d 686) (1996); *Nations v. State*, 177 Ga. App. 801-802 (1) (341 SE2d 482) (1986).

[10] *Cooper v. State*, supra, 237 Ga. App. at 838 (2); see generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[11] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[12] (Citation and punctuation omitted.) *Jenkins v. State*, 269 Ga. 282, 290 (11) (498 SE2d

*son* challenge rests largely upon assessment of the attorney's state of mind and credibility; it therefore lies peculiarly within a trial judge's province."[13]

The trial court's ruling must be affirmed unless it is clearly erroneous.[14] We cannot conclude that the trial court erred in determining that the state offered nondiscriminatory reasons for striking the jurors in question.

4. Mr. Stevens also argues that the trial court erred in denying his motion to suppress the evidence seized pursuant to the search warrant, contending that the supporting affidavit failed to establish probable cause that cocaine was present in the residence where the search was executed.

> In determining whether an affidavit sufficiently establishes probable cause, the totality of the circumstances analysis is to be employed. Under this test, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[15]

In the case at bar, the magistrate had a substantial basis for finding probable cause. The affiant, Investigator Williams, had observed the residence at various times of the day and night during the three-week period immediately preceding the issuance of the warrant. During that time, Investigator Williams had seen several known drug dealers enter the residence, as well as a great deal of vehicular traffic between 1:00 a.m. and 5:00 a.m. Moreover, within 24 hours of the issuance of the warrant, Investigator Williams observed the CI making a controlled drug buy at the residence. Additionally, Investigator Williams vouched for the CI's reliability, testifying that he had given information leading to an arrest for possession of cocaine within two months of his application for the instant search warrant.

---

502) (1998).

[13] (Citation and punctuation omitted.) *Scott v. State*, 240 Ga. App. 50, 52-53 (5) (522 SE2d 535) (1999).

[14] Id. at 52 (5), citing *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996); see also *Weaver v. State*, 200 Ga. App. 82 (2) (406 SE2d 574) (1991).

[15] (Citations and punctuation omitted.) *Williams v. State*, 239 Ga. App. 671 (522 SE2d 43) (1999); see also *Burgess v. State*, 232 Ga. App. 441, 443-444 (1) (502 SE2d 303) (1998).

Under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed.[16] Accordingly, the trial court did not err in denying Mr. Stevens's motion to suppress.

5. Mr. Stevens next asserts that the trial court erred in permitting Investigator Williams to testify that the cocaine was found in the bedroom "belonging to Willie James Stevens." Citing *Fordham v. State*,[17] he contends that the testimony at issue was impermissible opinion evidence which invaded the jury's province. Even assuming arguendo that the evidence was erroneously admitted, it is highly improbable that the error contributed to the verdict.[18]

6. Next, we reject Mr. Stevens's contention that the trial court erred in denying his motion for mistrial, made after the prosecutor allegedly called him a killer during opening statements.

The prosecutor denied making the accusation, and the opening statements were not transcribed. In any event, the trial court instructed the jury to disregard the comment and pointed out that "this is not a murder case." Mr. Stevens then failed to renew his motion for mistrial, thereby waiving any error.[19]

### Case No. A00A0902

7. The evidence was sufficient to support Hill's conviction as a joint constructive possessor of more than 28 grams of cocaine.

Viewed in the light most favorable to the verdict, the evidence shows that marked money the CI used to purchase cocaine was found in Hill's pants. Cocaine found in a lock box on the premises was packaged in plastic baggies, and Hill was caught just after flushing the contents of a baggie down the toilet. Finally, Hill's exclamation denying possession of a sufficient amount of cocaine to sustain a trafficking charge demonstrated his criminal intent.

Under OCGA § 16-2-20 (a) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. . . . Criminal intent may be found by the jury upon

---

[16] Id.
[17] 254 Ga. 59 (4) (325 SE2d 755) (1985).
[18] *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748) (1994).
[19] *Baker v. State*, 230 Ga. App. 813, 816 (4) (498 SE2d 290) (1998).

consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.[20]

The evidence was sufficient under the standard of *Jackson v. Virginia* to find Hill constructively possessed the cocaine and was guilty as a party to the crime of trafficking in cocaine.[21]

8. Finally, Hill contends that he was denied effective assistance of counsel. Hill's appellate counsel was appointed after the notice of appeal was filed. Where, as here, the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, this Court generally grants the defendant's motion to remand the case to the trial court for an evidentiary hearing.[22] However, remand is not required when it appears as a matter of law that the defendant cannot establish that his trial counsel's performance was deficient.[23]

The first alleged deficiency is trial counsel's failure to raise a hearsay objection to Investigator Williams's testimony relaying statements the CI made to Williams about Hill. As the testimony was offered to explain Investigator Williams's actions in pursuing the investigation, it was not hearsay. Thus, trial counsel's performance was not deficient in this regard.[24]

Hill further claims his trial counsel was deficient by failing to object to the introduction of Hill's incriminating statement on the ground that the state failed to provide it to the defense prior to trial, as required by OCGA § 17-16-4 (a) (1). However, the statute applies to custodial statements, and Hill's incriminating statement was a spontaneous, unsolicited utterance, involving no police interrogation.[25] Thus, trial counsel's performance was not deficient in this regard, and remand is not required. The motion to remand is denied.

*Judgments affirmed in Case Nos. A00A0901 and A00A0902. Judgment reversed in Case No. A00A0900. Pope, P. J., and Miller, J., concur.*

---

[20] (Citations and punctuation omitted.) *McGhee v. State*, 229 Ga. App. 10, 11 (492 SE2d 904) (1997).

[21] See *Smith v. State*, 235 Ga. App. 223 (510 SE2d 295) (1998).

[22] *Setser v. State*, 233 Ga. App. 822, 824 (505 SE2d 798) (1998); *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

[23] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); see *Johnson v. State*, 214 Ga. App. 404 (1) (447 SE2d 711) (1994).

[24] *Copeland v. State*, 228 Ga. App. 734, 737 (2) (492 SE2d 723) (1997) (police conduct in pursuing investigation within well-established exception to rule against hearsay).

[25] *Kerrethers v. State*, 169 Ga. App. 832, 834 (1) (315 SE2d 46) (1984); *Holbrook v. State*, 162 Ga. App. 400, 401-402 (1) (291 SE2d 729) (1982).

DECIDED JULY 19, 2000.

*Paul W. David*, for appellant (case no. A00A0900).
*Ellis R. Garnett*, for appellant (case no. A00A0901).
*Donald E. Evans*, for appellant (case no. A00A0902).
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.