## A03A0015. WILLIAMS v. THE STATE.
### (584 SE2d 625)

MILLER, Judge.

Following a jury trial, Kevin Williams was convicted of trafficking in cocaine and of possession of heroin with intent to distribute. He challenges these convictions on the ground of insufficient evidence. Since the evidence showed Williams was in constructive possession of the illegal drugs, we affirm the convictions.

Construed in favor of the verdict, the evidence showed that at the request of a landlord, an officer was checking out an apartment residence for trespassers. The officer observed a woman near the premises and asked her about her presence there. She informed the officer that several weeks earlier she had moved from the apartment and that Williams now lived there and sold drugs out of the apartment. The officer contacted the landlord, who returned with the officer to the apartment and, finding the locks changed, forcibly opened the apartment. The landlord consented to a search of the apartment, and the officer with the help of a second officer found illegal drugs in plain view.

After the first officer obtained a search warrant, a thorough search of the apartment revealed heroin and cocaine scattered throughout the apartment. In a safe in the apartment, police found

$1,200 in cash, 28.35 grams of cocaine, 6.98 grams of heroin, sixty-five small baggies, and a property receipt (dated within the last two weeks) bearing Williams's name and belonging to him. On the bedroom floor was a City of Atlanta certificate for Williams, and throughout the apartment were a poster and various smaller photos of Williams. Police also observed a black and red FUBU-brand sweater hanging up in the apartment.

Two days later, police arrested Williams as he stood across the street from the apartment wearing the FUBU sweater that had been hanging in the apartment. The State charged Williams with trafficking in heroin, trafficking in cocaine, possession of cocaine with intent to distribute, and possession of heroin with intent to distribute. The State dead docketed the heroin trafficking count and prosecuted the remaining three counts. Following the presentation of the State's case, Williams moved for a directed verdict, arguing that insufficient evidence connected him to the drugs found in the apartment. The court denied the motion, and the jury found Williams guilty on the three counts. The court merged the cocaine counts and sentenced Williams for trafficking in cocaine and for possession of heroin with intent to distribute.

Williams moved for a new trial, again raising the lack of evidence linking him to the drugs. The court denied the motion, and Williams appeals, raising the same issue as well as the alleged failure of the State to prove the chain of custody for the drugs introduced at trial. Based on these issues, Williams claims that the trial court erred in denying his motion for directed verdict and his motion for new trial.

1. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the proper test when the sufficiency of the evidence is challenged, "whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Under *Jackson*, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson*, supra. "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Cita-

tions and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

Williams does not challenge that a person in constructive possession of the evidence found in the apartment would be guilty of the offenses of which he was convicted. See OCGA §§ 16-13-30 (b); 16-13-31 (a). Rather, he claims that since police did not find him in the apartment, only circumstantial evidence tied him to the drugs, and that the State did not meet its evidentiary burden of excluding other reasonable hypotheses as required by OCGA § 24-4-6.

Williams's argument is without merit. A woman outside the apartment told the investigating officer that Williams lived in the apartment and sold drugs out of the apartment. Although at trial she denied this statement, the statement was admissible as substantive evidence as a prior inconsistent statement. See *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982); see also *Render v. State*, 267 Ga. 848, 850 (3) (483 SE2d 570) (1997). Combined with the evidence of the certificate and property receipt belonging to Williams and the multiple photos of him in the apartment,[1] as well as his later wearing the sweater seen in the apartment, this statement could lead a jury to reasonably conclude that Williams occupied and controlled the premises. "[W]here the evidence on the possession of contraband is entirely circumstantial, it is usually sufficient to convict where the proof shows the premises to be occupied by and under the control of the accused. . . ." (Citation and punctuation omitted.) *Paden v. State*, 216 Ga. App. 188, 190 (1) (453 SE2d 788) (1995). Williams's occupancy of the apartment combined with the changed locks allowed a jury to conclude that he both occupied and controlled the apartment.

However, a defendant's occupying and controlling the premises do not allow for an inference of constructive possession if affirmative evidence shows that a person other than the defendant had equal access to the premises where the contraband was found. *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000); see *Paden*, supra, 216 Ga. App. at 190 (1). No such evidence is found here. Rather, the presence of the property receipt bearing Williams's name *in the safe* with the twenty-eight grams of cocaine, the seven grams of heroin, the $1,200, and the plastic baggies showed that Williams had constructive possession of at least that contraband, which contraband alone would have sustained the convictions. *King v. State*, 203 Ga. App. 287, 289-290 (3) (416 SE2d 842) (1992), upheld a conviction

---

[1] Although evidence showed that the poster of Williams was left behind by the woman's daughter when they moved from the apartment, the daughter testified that no other pictures were left behind. Thus, the other pictures of Williams found in the apartment were probative of showing his subsequent occupancy of the apartment.

for trafficking in cocaine where the evidence showed that the purse in which the cocaine was found was held by a woman who seemed to be taking her cues from defendant and where police found in the purse a receipt in defendant's name and an address book designating defendant as the owner of the book. Here a woman stated that Williams now occupied and used the apartment to sell drugs, and in the apartment was a safe containing the key cocaine and heroin as well as a receipt bearing Williams's name. Two days later police found Williams wearing a sweater that they had seen in the apartment. As a jury could have excluded reasonable hypotheses of innocence, the evidence sufficed to sustain the convictions. See also *Stevens*, supra, 245 Ga. App. at 239 (2) (cocaine trafficking conviction upheld where defendant's driver's license and an accident report bearing defendant's name were found in bedroom containing cocaine); see generally *Blair v. State*, 216 Ga. App. 545, 546 (1) (455 SE2d 97) (1995) ("If the totality of the evidence is sufficient to connect defendant to possession of drugs, even though there is evidence to authorize a contrary finding, the conviction will be sustained.") (citations and punctuation omitted).

2. Williams complains that the State failed to establish a proper chain of custody before it introduced the drugs found at the apartment. However, when the evidence was tendered and the court asked if there were any objection, Williams's counsel responded, "No objection, your Honor." Indeed, at no point during the trial did Williams challenge the chain of custody. Accordingly, the issue was waived. *Newton v. State*, 226 Ga. App. 501, 503 (3) (486 SE2d 715) (1997); see *Dyer v. State*, 257 Ga. App. 267, 268 (3) (570 SE2d 692) (2002); *Brooks v. State*, 232 Ga. App. 115, 118 (13) (501 SE2d 286) (1998).

The trial court did not err in denying Williams's motion for directed verdict and his motion for new trial.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 11, 2003 —
RECONSIDERATION DENIED JULY 1, 2003.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney*, for appellee.