A04A0344. COBB v. THE STATE.
(601 SE2d 443)

PHIPPS, Judge.

A jury found Royce A. Cobb guilty of aggravated assault for shooting Aaron Clark. Cobb appeals his conviction, contending that the trial court erred in denying his motion for directed verdict of acquittal. Because the record does not support Cobb's contention, we affirm.

In reviewing a trial court's denial of a defendant's motion for directed verdict of acquittal, an appellate court applies the "sufficiency of the evidence" test of *Jackson v. Virginia*.[1] We do not weigh the evidence or determine witness credibility, but only determine if

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve.[3] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[4]

The state's evidence showed that at about 8:00 p.m. on April 9, 2001, Danisha Hairston drove Clark to Nicole Byrd's apartment, where Clark was planning to purchase marijuana from Cobb. Cobb greeted Clark outside, and the two went inside the apartment. Hairston waited in the car. Moments later, gunshots rang from the residence. Byrd testified that she approached the area where the shots had been fired and then observed Cobb shoot Clark, who was standing at the front door. Byrd saw no gun on Clark, who scrambled out of the apartment.

Hairston testified that immediately after she heard the gunshots, Clark ran out of the apartment, passing her car and holding his left side. Hairston stated that Cobb then emerged from the apartment and began firing shots at Clark, who continued to flee, and then at her, and that she then sped away. According to Hairston, Clark had not carried a gun into the apartment.

Later that night, Clark was taken to a hospital. He died as a result of a gunshot wound to his chest. The bullet had traveled through his left arm and left lung before lodging in his chest.

Two days after the incident, police searched Byrd's residence. Two shell casings were recovered from just outside the front door; three shell casings were recovered from an area outside where Byrd's husband had tossed casings he had found inside the apartment on the day of the shooting; and a lead slug was recovered from inside the apartment. A firearms expert testified that it was possible that the bullet retrieved from Clark's body and the five spent shell casings collected at the scene had been projected from the same gun. The lead slug, however, had been fired from a different gun. Also, bullet holes were discovered in Hairston's car.

Cobb admitted that he had fired a gun at Clark inside the apartment, but claimed that he did so to avert Clark's attempted armed robbery. Cobb testified that Clark entered the apartment, demanded that he "give it up," and then fired a shot toward him. As Cobb ran to retrieve his gun from another room, Clark shot at him again. Cobb grabbed his gun, and by then, Clark was again aiming his

---

[2] *Jackson,* supra; *Williams v. State,* 262 Ga. App. 67, 68 (1) (584 SE2d 625) (2003).

[3] *Williams,* supra.

[4] Id.

gun at him. Cobb fired at Clark several times. As Cobb was shooting, Clark turned toward the front door and ran out. Cobb admitted that he followed Clark outside and fired in the air three or four times, but denied aiming his gun at either Clark or Hairston.

To support his contention that the court erroneously denied his motion for a directed verdict of acquittal, Cobb relies on OCGA § 24-4-6, which provides, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Cobb asserts that the state's evidence regarding who shot Clark was wholly circumstantial and failed to exclude the possibility that, after Clark fled the scene, someone else caused his injury.

Cobb's reliance on OCGA § 24-4-6 is misplaced because that Code section presumes that the state offered only circumstantial evidence.[5] Here, the evidence that Cobb shot Clark is not wholly circumstantial. Cobb's own admission and eyewitness testimony that Cobb shot Clark constitute direct evidence of that fact. And such testimony was corroborated by medical and physical evidence. Furthermore, the state's evidence authorized the jury to reject Cobb's defense of justification. Because the evidence was sufficient to enable a rational trier of fact to find Cobb guilty beyond a reasonable doubt of aggravated assault,[6] the trial court did not err in denying his motion for a directed verdict of acquittal.[7]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 23, 2004.

*Maurice Brown*, for appellant.
Royce A. Cobb, *pro se.*
*Paul L. Howard, Jr., District Attorney, Michele T. McCutcheon, Assistant District Attorney*, for appellee.

---

[5] *Lane v. State*, 255 Ga. App. 274, 276 (564 SE2d 857) (2002).
[6] See *Jackson*, supra; OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (2).
[7] See *Jackson*, supra; *Morgan v. State*, 276 Ga. 72, 73 (1) (575 SE2d 468) (2003); *Humphrey v. State*, 252 Ga. 525, 526-527 (1) (314 SE2d 436) (1984).