A05A1301. STRINGER v. THE STATE.
(621 SE2d 761)

ADAMS, Judge.

Neal Allen Stringer appeals his conviction and sentence of possession of cocaine and possession of cocaine with intent to distribute. In two enumerations of error, Stringer challenges the denial of his motion for directed verdict and the trial court's failure to grant a new trial based on the weight of the evidence.

The standard of review on appeal for both enumerations is the same:

> Whether an appellant is asking this court to review a lower court's refusal to grant a new trial or its refusal to grant a motion for directed verdict, this court can only review the case under the standard espoused in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict.

(Citation omitted.) *Mack v. State*, 272 Ga. 415, 416-417 (1) (529 SE2d 132) (2000).

Construed in favor of the verdict the evidence shows that on March 9, 2003, Stringer rented room 217 of the Woodberry Inn &

Suites in Floyd County in his own name. Sometime on or before March 13, drug task force officers made a controlled drug purchase at room 217 using a confidential informant and money for which the serial numbers had been recorded.[1] On March 13, at approximately 9:00 or 9:30 p.m., Officer Hank Jackson of the Rome-Floyd Metro Drug Task Force obtained and executed a search warrant on the room. Stringer was not mentioned on the warrant. After obtaining the key from hotel management, several officers proceeded upstairs to the room.

Barry McElroy, another task force officer, testified that as the officers were approaching the room, he saw a man outside the room alone on the breezeway. The man started to walk away from the room as the officers started up the stairs. McElroy approached him and learned that he was Stringer, the person in whose name the room was registered.

Meanwhile Officer Jackson entered the room with the key and found co-defendant Demario Lattimore lying on one bed in his underwear and co-defendant Latalya Dupree in the bathroom. A search of the room revealed a small bag of marijuana and a hand-rolled marijuana cigarette on the windowsill; a plastic bag containing 18 grams of crack cocaine in a nightstand drawer; and a small, empty plastic bag between the bed occupied by Lattimore and the nightstand. In one dresser drawer, Officer Jackson found traffic tickets bearing Lattimore's name, a t-shirt with Lattimore's name written on it, and a loaded .32 caliber pistol. In the other drawer he found digital scales of a type used to weigh drugs. On the floor, Jackson found a pair of Lattimore's pants with $598 in the pocket including bills that had been used to make the controlled buy. A photograph of Lattimore's car, which was located in the parking lot of the inn, was stuck on the mirror of the dresser in the room. The only item of interest found in plain view other than the marijuana was a measuring spoon that was found near the sink just outside of the bathroom. Lattimore admitted at trial that the marijuana was his.

Officer Jackson did not find anything to indicate that Stringer had been present in the room. Nor had any officer seen Stringer enter or leave the room. In fact, Officer Jackson had watched the room for 20 minutes or so during the hour before executing the warrant but did not see Stringer go in or out of the room. At some point during the execution of the warrant, Stringer was brought to the room by other officers and searched, which revealed that he had $389 cash. There is no evidence in the record linking Stringer to the controlled drug purchase.

---

[1] No other evidence regarding the controlled buy was introduced at trial.

Stringer testified in his own defense. He has known Lattimore for five years. He testified that he rented the room because Lattimore did not have any personal identification and that he had rented rooms for Lattimore on several occasions in the past. He admitted helping Lattimore and Dupree carry things into the room on March 9 but claimed he only stayed 15 minutes. He testified that he was away for two days or more, returned on the evening of his arrest at about 9:00 or 9:30 p.m., and had not entered the room before the police arrived.

Stringer, Lattimore and Dupree were all charged and tried for possession of cocaine and possession of cocaine with an intent to distribute. The jury found Dupree not guilty and Lattimore and Stringer guilty. Stringer contends that his conviction cannot stand because there is no evidence linking him to the drugs found in the room and Lattimore and Dupree had equal access to the cocaine.

Mere presence where contraband is found when others have equal access to the substance is insufficient to support a conviction:

> [W]here it is affirmatively shown that others had equal access or opportunity to commit the crime, a defendant's mere presence at premises where contraband is discovered, without more, is insufficient to support a conviction. [Cit.]

*Sing v. State*, 217 Ga. App. 591, 592 (1) (458 SE2d 493) (1995). But where there is other evidence connecting the defendant to the contraband, the jury must decide guilt or innocence. Id.

Here, Lattimore testified that Stringer had been in the room that evening, that Stringer had told him there was a gun in the room, and that just shortly before the raid, Stringer had said he would be right back. This testimony is circumstantial evidence that Stringer was aware of the gun and any other items in the room that could be found in " 'open, notorious and easily accessible areas.' [Cit.]" *Wright v. State*, 154 Ga. App. 400, 401 (1) (268 SE2d 378) (1980).

But there was no evidence that the nightstand drawer, which contained the cocaine, or the dresser drawers were ever open at any time that Stringer may have been in the room. And the only items found in the drawer with the gun were Lattimore's papers and shirt. Furthermore, an accomplice's testimony tending to connect the accused to the crime must be supported by other evidence, which may be circumstantial. *Ryans v. State*, 226 Ga. App. 595, 597 (487 SE2d 130) (1997). The State has not presented any evidence supporting Lattimore's testimony that possibly connects Stringer with the cocaine. As such, his testimony cannot be used. See *Wisenbaker v. State*, 259 Ga. 416, 417 (383 SE2d 132) (1989). Accordingly, there is no evidence connecting Stringer with the cocaine other than his presence at the hotel and the fact that he registered the room in his name.

Neither of these two facts is sufficient to connect Stringer with the crime. As shown above presence alone is insufficient. And ownership of the premises alone is insufficient where the premises are used by other persons. *Wiley v. State*, 178 Ga. App. 136, 138 (4) (342 SE2d 342) (1986). In *Stevens v. State*, 245 Ga. App. 237, 239 (1) (537 SE2d 688) (2000), Stevens was found in a home with two other persons but all the drugs were clearly located in the separate bedrooms and among the personal effects of her co-defendants. Id. This Court reversed her conviction because there was no evidence linking her to the illegal drugs. Id. And although the power bill for the premises was addressed to her, "this evidence was rebutted by testimony indicating that Ms. Stevens permitted the account to be opened in her name because her co-defendants had poor credit ratings and were unable to establish their own account." Id. "Thus, evidence was presented to show that Ms. Stevens's co-defendants had equal access to the bedrooms where the contraband was found and an equal opportunity to commit the crime." (Footnote omitted.) Id.

Without admissible evidence linking Stringer to the cocaine and given the affirmative evidence of equal access by Lattimore, any presumption of possession arising from the fact that Stringer rented the hotel room in his name has been rebutted as a matter of law. See *Mobley v. State*, 190 Ga. App. 771, 772 (380 SE2d 290) (1989).

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 16, 2005.

*Daniel D. Morgan*, for appellant.
*Leigh E. Patterson, District Attorney, Kay A. Wetherington, Assistant District Attorney*, for appellee.