**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 16, 2012**

# In the Court of Appeals of Georgia

A12A0508. PHILMORE v. THE STATE.

MCFADDEN, Judge.

Horatio Philmore appeals from his convictions for possession of cocaine with intent to distribute and possession of heroin with intent to distribute. He challenges the sufficiency of the evidence supporting the convictions. Because there is sufficient evidence from which a rational trier of fact could have found him guilty beyond a reasonable doubt of the charged offenses, we affirm.

> The test established in *Jackson v. Virginia*, 443 US 307 (99 SC 2781, 61 LE2d 560) (1979), is the proper test when the sufficiency of the evidence is challenged. . . . Under *Jackson*, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of

credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Williams v. State*, 262 Ga. App. 67, 68 (1) (584 SE2d 625) (2003).

So viewed, the evidence shows that in December 2008, members of a sheriff's narcotics unit used a confidential informant to arrange an undercover purchase of $1,000 worth of cocaine and heroin from Philmore. At the agreed upon time, Philmore arrived in a car at a gas station across the street from the meeting location. Philmore and another man got out of the car. As the other man remained near that car, acting as a lookout, Philmore crossed the street and approached the confidential informant and an undercover officer who were waiting there. Philmore spoke briefly to the undercover officer, but then the other man began shouting, and Philmore headed back across the street. Before he reached the car, another narcotics agent who was on surveillance at the scene approached him and saw Philmore drop a paper towel from his right hand. The agent retrieved the paper towel, which had bags containing 6.9 grams of cocaine and 1.75 grams of heroin wrapped inside it. According to the expert testimony of an officer specially trained in narcotics, these quantities were more than would be in the possession of a typical drug user and

instead "would be for an individual seeking to distribute." The state also introduced Philmore's prior convictions for possession of cocaine with intent to distribute and possession of heroin with intent to distribute as similar transaction evidence.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence presented at trial from which a rational trier of fact could have found Philmore guilty beyond a reasonable doubt of possessing both cocaine and heroin with the intent to distribute. See *Johnson v. State*, 289 Ga. App. 206 (656 SE2d 861) (2008).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*