## A00A2213. BODIFORD v. THE STATE.
(542 SE2d 628)

ELDRIDGE, Judge.

A Mitchell County jury found Roderick T. Bodiford guilty of: Count 1, possession of cocaine; Count 2, possession of marijuana with intent to distribute; Count 3, misdemeanor obstruction; Count 4, underage possession of alcohol; Count 5, violation of minimum speed regulations; and Count 6, open container violation. On appeal, he challenges the sufficiency of the evidence as to Counts 1, 2, and 4. Upon review, we affirm.

Bodiford was detained for blocking a public road next to a playground on Palmer Street in Camilla. When the officer approached Bodiford's car, he saw an open bottle of cognac on the front floorboard

in violation of the open container law. Bodiford admitted he had been drinking earlier. His driver's license showed him to be 19 years of age. Bodiford was arrested for violation of the open container law and placed in handcuffs. He was searched incident to arrest, and two packages of marijuana were found in his pants pocket. Five hundred twenty-four dollars was also found in his pocket, consisting of one $50 bill, thirteen $20 bills, sixteen $10 bills, ten $5 bills, and four $1 bills. When the drugs and money were placed on the hood of Bodiford's car, Bodiford took off running down Palmer Street. He was ordered to stop, but did not. Bodiford was apprehended and placed in the back of a patrol car. Bodiford's car was inventoried, and two pieces of crack cocaine were found on the floorboard. *Held*:

1. Bodiford contends the evidence was insufficient to show that he possessed the cocaine found on the floor of his car. He claims that any of the people who were standing around his car at the time the officer approached the scene could have thrown the drugs in his car, without his knowledge. However, the jury rejected this contention, although Bodiford's defense counsel argued such. Further, the evidence showed that one rock of cocaine was found "in the floorboard in front of the driver's seat, which would have been right up under his [Bodiford's] feet and legs." Bodiford would have had to be aware if someone threw a rock of cocaine between his legs. There was no such evidence presented, and there was no evidence that any other person had equal access to the floorboard between Bodiford's feet and legs where the cocaine was found.

> The equal access defense . . . requires affirmative evidence that someone other than the defendant had an equal opportunity to commit the crime, and mere speculation that another may have had equal access to the automobile is not sufficient. Further, this presumption applies particularly when, as in this case, the driver is also the owner of the automobile. In any event, whether the equal access evidence is sufficient to rebut the inference of possession is a question for the jury.[1]

2. Bodiford next contends that the evidence is insufficient to demonstrate "intent to distribute" so as to sustain his conviction under Count 2 for possession of marijuana with intent to distribute. We disagree. The testimony from the agent from the Southwest Drug Task Force was that the marijuana found in Bodiford's pocket was packaged for distribution and that the cash found in Bodiford's pocket was consistent with the amount of money and denominations

---

[1] (Citation omitted.) *Visser v. State*, 237 Ga. App. 798, 799-800 (516 SE2d 840) (1999).

of bills frequently found during multiple small drug transactions. This, coupled with the agent's unobjected-to testimony that Bodiford is unemployed, provided a basis for the jury to find that Bodiford possessed the marijuana with the intent to distribute.[2]

3. Finally, the evidence that Bodiford was underage was sufficient to sustain his conviction for underage possession of alcohol. The arresting officer testified that Bodiford's driver's license showed that he was 19 years old.

On review of the verdict as a whole, we find the evidence sufficient for a rational trier of fact to have found Bodiford guilty beyond a reasonable doubt of the offenses as charged.[3]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 21, 2000.

*Ernie M. Sheffield*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.

---

[2] *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).