## A04A1337. MARION v. THE STATE.
### (603 SE2d 321)

MILLER, Judge.

A jury found Dequindre Marion guilty of possession of marijuana with the intent to distribute and possession of cocaine. Following the denial of his motion for new trial, Marion appeals, challenging (1) the sufficiency of the evidence, (2) the denial of his motion to suppress, and (3) the admission of a similar transaction. For the following reasons, we affirm.

1. In his first enumeration, Marion contends that the evidence was insufficient to sustain his convictions. On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence showed that officers received information that drugs were being sold at a particular apartment by a person named Charles Montgomery. Officers set up a perimeter around the location and made a telephone call to the apartment asking for Charles and telling the person on the phone that "police were on the way with a [s]earch [w]arrant and a drug dog." About 30 seconds later, Marion and another man ran from the apartment and quickly entered a truck parked outside. An officer approached the vehicle and observed a bag containing what was later determined to be marijuana and cocaine in plain view on the floorboard of the driver's side. Both men were arrested and officers obtained a search warrant for the apartment where they discovered more marijuana and cocaine, a handgun, over $2,500 in cash, electronic scales, and other items.

(a) Marion argues that the State failed to prove beyond a reasonable doubt that he was guilty of the crime of possession of marijuana with intent to distribute, because the leafy substance found in the vehicle was not scientifically tested and determined to be marijuana. Marion points out that the forensic chemist performed tests only on the leafy substance obtained from the search of the apartment, and not on the leafy substance found in the vehicle.

However, Marion has ignored the fact that an officer on the scene testified that he field tested both substances found in the truck and that the tests yielded positive results for both cocaine and marijuana. In addition, the forensic chemist testified that the green leafy material found in the vehicle had the same appearance as the substance he tested from the apartment except that the green leafy material found in the vehicle contained more seeds. This evidence is sufficient to establish that the leafy substance was in fact marijuana. See, e.g., *Russell v. State*, 243 Ga. App. 378, 381 (1) (c) (532 SE2d 137) (2000).

(b) Marion contends that the evidence was insufficient to establish that he possessed drugs because other individuals had equal access to the vehicle in which the drugs were found.

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. It is not an affirmative defense for which the burden to disprove falls on the State.

(Citations and punctuation omitted.) *Dowdy v. State*, 267 Ga. App. 598, 600 (600 SE2d 684) (2004). "[W]hether the equal access evidence is sufficient to rebut the inference of possession is a question for the jury." (Footnote omitted.) *Bodiford v. State*, 246 Ga. App. 879, 880 (1) (542 SE2d 628) (2000). Here, not only did officers observe Marion in the driver's seat where the drugs were found, but Marion was also observed leaving an apartment where officers discovered more drugs, scales, cash, and a weapon. Although Marion testified that the truck was owned by his father, he admitted that he had driven the truck the day he was arrested and that no one else had driven it that particular day. Marion made no claim that his passenger put the drugs on the floorboard, and there was no evidence that on that day any other person had equal access to the floorboard where the drugs were found. See id. "There being no unrebutted affirmative evidence demanding a finding of equal access, a rational trier of fact was authorized to find appellant [Marion] guilty beyond a reasonable doubt." (Citation and punctuation omitted.) *Dowdy*, supra, 267 Ga. App. at 600; see *Bodiford*, supra, 246 Ga. App. at 880 (1).

2. Marion contends that the court erred in denying his motion to suppress. He argues that the anonymous tip officers received about drug activity in the apartment and their later observations were insufficient to justify a stop of his vehicle because there was no evidence that the tipster was reliable. However, "it is well established

that an officer's approach to a stopped vehicle and inquiry into the situation is not a 'stop' or 'seizure' but rather clearly falls within the realm of the first tier of police-citizen encounter[s]." (Citation and punctuation omitted.) *Akins v. State*, 266 Ga. App. 214, 215 (1) (596 SE2d 719) (2004). Here, an officer approached the vehicle, identified himself as a police officer, and asked the driver if he could speak with him. The officer's approach to the vehicle was not a stop requiring reasonable suspicion but rather a first tier police-citizen encounter. See id.; *State v. Ledford*, 247 Ga. App. 412, 414 (1) (a) (543 SE2d 107) (2000). Therefore, the court did not err in denying the motion to suppress on this ground.

3. Marion contends that the court erred in allowing the admission of similar transaction evidence because it impermissibly placed his character in issue. He argues that the prior offense was not similar to the charged offenses in this case. "On appeal, a trial court's decision to admit similar transaction evidence will be upheld unless clearly erroneous." (Punctuation and footnote omitted.) *Bailey v. State*, 259 Ga. App. 293, 298 (5) (576 SE2d 668) (2003).

In the prior transaction, Marion pled guilty to selling cocaine. The evidence there showed that Marion arranged a drug buy with undercover officers and took the officers to his uncle's home where they purchased $800 worth of cocaine. In the present case, Marion was charged with trafficking cocaine and possession of cocaine with the intent to distribute. The evidence at trial showed that he was seen quickly retreating from an apartment where drugs, scales, and a weapon were found. Marion entered the driver's side of a truck where officers found a substantial quantity of marijuana and cocaine on the driver's side floorboard.

This court has held that

> the test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.

(Citation and punctuation omitted.) *Tanner v. State*, 243 Ga. App. 640, 642 (2) (533 SE2d 794) (2000). It is evident that the prior

occurrence is sufficiently connected to the facts of the crimes charged here and that the two incidents show a course of conduct. Therefore, we cannot say that the trial court's finding that the earlier transaction was sufficiently similar was clearly erroneous. See id. at 643 (2).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 23, 2004.

*Worthington & Flournoy, Thomas M. Flournoy III*, for appellant.
*J. Gray Conger, District Attorney, Alonza Whitaker, Ryan R. Leonard, Assistant District Attorneys*, for appellee.