## S05A0200. MITCHELL v. THE STATE.
(611 SE2d 15)

HUNSTEIN, Justice.

Joseph Mitchell was convicted of malice murder, theft by taking and concealing the death of another arising out of the strangulation death of Kenneth Spellman. He appeals from the denial of his motion for new trial,[1] challenging the sufficiency of the evidence and the effectiveness of trial counsel. Finding no error, we affirm.

---

[1] The crimes occurred on or about January 29, 2002. Mitchell was indicted May 1, 2002 in Chatham County on charges of malice murder, felony murder (two counts), theft by taking and concealing the death of another. He was found guilty by a jury on all but the felony murder counts on April 30, 2003 and was sentenced by order filed May 16, 2003 to life imprisonment and two five-year terms to run concurrent to each other but consecutive to the life term. His motion for new trial, filed May 5, 2003 and amended December 5, 2003, was denied August 20, 2004. A notice of appeal was filed August 25, 2004. The appeal was docketed September 30, 2004 and was orally argued January 31, 2005.

1. The jury was authorized to find from the evidence adduced that when appellant and Jaron Hall encountered the victim at Nikki Deloach's house, appellant volunteered to kill the victim after Hall claimed that the victim's brother was responsible for the death of Hall's cousin several years earlier.[2] After Hall tricked the victim into standing up, appellant slipped an electric extension cord around the victim's throat and began strangling him. A struggle ensued, during which Hall punched the victim and appellant used a choke hold to strangle the victim. Hall left the room while the victim was still alive. Deloach, hearing the noise from the fight, entered the room to find the victim, face down and completely limp, on top of appellant, who had his arms around the victim in a holding position. The victim did not respond when Deloach ordered the men to leave. At that time appellant took control and directed Hall, Deloach and another visitor, Antwan Nelson, to help him get rid of the body, threatening Deloach and her family if she said anything. The men got the victim's car keys, tied the body, placed it in 32-gallon trash bags and then carried it out to the victim's car and placed it in the trunk. They then drove into woods and left the body after removing the trash bags, cords and most of the victim's clothing. The men later abandoned the car after removing items and wiping down the interior. When the victim's body was located, it was already moderately decomposed and damaged by insects; the medical examiner testified that the victim died of homicidal asphyxia consistent with neck compression.

This evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to appellant's argument, the testimony of Hall, appellant's accomplice, was corroborated by witnesses Deloach and Nelson. The credibility of those witnesses was for the jury to decide, *Baines v. State*, 276 Ga. 117 (2) (575 SE2d 495) (2003), as was the sufficiency of the corroborating evidence. *White v. State*, 255 Ga. 210, 214 (8) (336 SE2d 777) (1985). See also OCGA § 24-4-8. The jury did not have to find that the corroborating evidence was itself sufficient to support the verdict, or that that evidence matched the testimony of the accomplice in every detail. Slight evidence identifying appellant as a participant in the criminal act was sufficient corroboration. *Bush v. State*, 267 Ga. 877, 878-879 (485 SE2d 466) (1997). Furthermore, appellant's conduct before, during, and after the fatal strangulation provided ample evidence to support appellant's guilt as a party to the

---

[2] Hall later admitted that it was a friend, not a cousin, who had been killed and that he purposefully misled appellant about the incident.

malice murder and other crimes. See *Hewitt v. State*, 277 Ga. 327 (1) (a) (588 SE2d 722) (2003); OCGA § 16-2-20 (b) (3) and (4).

2. Appellant contends his trial counsel was ineffective for failing to meet with appellant an adequate number of times and to sufficiently review discovery with him. The burden was on appellant to prove that his trial counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Styles v. State*, 279 Ga. 134, 136 (4) (610 SE2d 23) (2005). "This Court gives deference to the trial court's factual findings, unless clearly erroneous, but independently applies the legal principles to the facts to determine the merits of a claim of ineffective assistance of counsel. [Cit.]" Id. at 136 (4). At the hearing on the motion for new trial, appellant's trial counsel testified that he met with appellant personally on several occasions; thoroughly interviewed appellant; exchanged correspondence with him either by mail or by telephone; and discussed the discovery in depth with appellant personally after mailing it to him in advance and gave him the opportunity to ask any questions. Counsel also detailed the reasonable steps he took in preparing appellant's case for trial. Contrary to appellant's argument, "there exists no magic amount of time which counsel must spend in actual conference with his client. [Cit.]" *Morgan v. State*, 275 Ga. 222, 228 (10) (564 SE2d 192) (2002). Under the evidence, appellant failed to carry his burden of showing that his trial counsel's handling of his case was outside the bounds of reasonable professional conduct. *Powell v. State*, 276 Ga. 592 (2) (581 SE2d 13) (2003). Accordingly, the trial court properly rejected his claims of ineffective assistance of trial counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.