A06A1005. PIERRE v. THE STATE.
(635 SE2d 363)

MILLER, Judge.

A Clayton County jury found Stanley Claude Pierre guilty of possession of cocaine and possession of less than one ounce of marijuana. Pierre appeals, asserting that (1) the evidence was insufficient to support his convictions, (2) the trial court erred in allowing hearsay testimony, (3) the trial court erred in allowing prejudicial and irrelevant evidence, and (4) the trial court erred in admitting an illegally obtained confession and in failing to charge the jury as to the voluntariness of his confession. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that on the evening of September 4, 2004, a Clayton County Police Officer was dispatched to investigate a report that a man wearing camouflage pants and a black t-shirt was selling drugs. When the officer arrived on the scene, he saw Pierre, who matched the description the officer had been given. After Pierre began to walk away from the officer, the officer asked him to stop and then noticed a small white pouch with a zipper lying on the ground between Pierre's feet. Inside the bag were two rocks of suspected crack cocaine, a razor blade with a white powdery substance on it, and a "White Owl" cigar label.

The officer asked Pierre if he could search his car. Pierre consented and told the officer that there were two "blunts," or marijuana cigarettes, in the vehicle. During the search, the officer found the two blunts containing suspected marijuana and a cigar with a "White Owl" label matching the label found inside the white zippered pouch. Forensic tests later confirmed that the blunts in Pierre's car contained marijuana and that the white rocks in the zippered pouch contained crack cocaine.

1. Pierre contends that the evidence was insufficient to support his convictions. We disagree.

On appeal from criminal convictions, we view the evidence in the light most favorable to the verdicts, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Here, the evidence showed that the cocaine was found in a pouch lying on the ground between Pierre's feet and that the marijuana was found in Pierre's car. In addition, the cocaine in the pouch was connected to Pierre by the White Owl cigar labels found inside both the pouch and Pierre's car.

Despite Pierre's claim that at least ten others were within "throwing distance" of the pouch and allegedly had equal access to the cocaine, the jury was authorized to conclude that the drugs were in Pierre's possession. See, e.g., *Marion v. State*, 268 Ga. App. 699, 700 (1) (b) (603 SE2d 321) (2004) (equal access evidence was for jury to evaluate). Based on the evidence of record, a rational trier of fact could have found Pierre guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson*, supra, 443 U. S. at 319; OCGA § 16-13-30 (a).

2. Pierre contends that the trial court erred by allowing inadmissible hearsay through the arresting officer's testimony that the

officer's dispatch told him that someone fitting Pierre's description and location was possibly selling drugs. "However, the challenge to the admission of the evidence as hearsay is waived because [Pierre] failed to make a contemporaneous objection to the evidence at trial." (Citations and footnote omitted.) *Wilson v. State*, 277 Ga. 114, 117 (2) (587 SE2d 9) (2003).

3. Pierre contends that the trial court erred by allowing irrelevant and prejudicial testimony that Pierre was in a "known drug area." This information was elicited upon counsel for Pierre's cross-examination of the arresting officer, and no objection was offered to the answer. As a result, the issue of relevance is waived. See *Smith v. State*, 277 Ga. 213, 219 (16) (586 SE2d 639) (2003) ("A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.") (citation and punctuation omitted).

4. Pierre claims that the trial court erred by (i) allowing an illegally obtained confession into evidence and (ii) failing to charge the jury on the voluntariness of his confession. In particular, Pierre claims that the arresting officer had no probable cause to arrest him, question him, or pat him down for weapons, and that the officer improperly interrogated him with no advisement of his rights. None of these issues, however, were brought to the attention of the trial court. "[Pierre] claims that his confession resulted from an illegal arrest, but he waived the right to assert that issue on appeal by failing to raise it in the trial court." (Citations omitted.) *Heidler v. State*, 273 Ga. 54 (1) (537 SE2d 44) (2000).

As to the issue of the jury charge, "[u]nder established Georgia law there is no necessity to give a charge on the subject of the voluntariness of a confession unless there is a specific request for it." (Citation and punctuation omitted.) *Welch v. State*, 235 Ga. 243, 246 (2) (219 SE2d 151) (1975). Pierre made no such request. Accordingly, the trial court did not err in failing to charge the jury on the voluntariness of Pierre's confession.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 11, 2006.

*James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Kimberly M. Carey, Melvin E. Abercrombie, Assistant District Attorneys*, for appellee.