A06A1700. HALL v. THE STATE.
(641 SE2d 264)

BERNES, Judge.

Following a jury trial, Michael Anthony Hall appeals from his convictions for trafficking in methamphetamine, possession of less than one ounce of marijuana, and five counts of possession of a firearm during the commission of a crime. Hall contends that the evidence was insufficient to support his convictions. We disagree and affirm.

as a further measure to prevent the recurrence of stalking."

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense[s] beyond a reasonable doubt.

(Citations omitted.) *Johnson v. State*, 279 Ga. App. 98, 99 (630 SE2d 612) (2006).

So viewed, the facts adduced at trial showed that on July 24, 2002, officers of the Gordon County Drug Task Force went to a local motel in response to information given to them by an officer with the Gordon County Sheriff's Department. Once at the motel, the officers met with a female witness who alerted them to drug activity taking place within room 132 of the motel. Based upon the information that they had obtained from the female witness, the officers proceeded to room 132 in search of an individual named Michael Hall.

The officers knocked on the door and identified themselves. Eventually Hall answered the door naked and, upon seeing the officers, ran toward the rear of the hotel room and into the bathroom. The officers coaxed Hall back into the bedroom area where Hall sat on one of the two beds in the room. One of the officers requested Hall's identification, prompting Hall to pull back the bedding on one of the beds. Under the bedding was Hall's money clip containing over $400, a handgun, and marijuana. Also in plain view and in close proximity to Hall was a second handgun, a glass pipe, and an additional $148 in cash.

The officers placed Hall under arrest and proceeded to secure a search warrant for room 132 of the motel. After receiving the warrant and conducting the search, the officers found and seized approximately 34 grams of methamphetamine divided into 14 separate corner baggies located in a cooler next to the bed. They also confiscated a second glass pipe and three additional firearms, one of which was located inside of Hall's organizer. The items seized both before and after Hall's arrest formed the basis for the charges against him.

On appeal, Hall does not challenge the determination that a person in possession of the confiscated evidence would be guilty of the offenses for which he was convicted.[1] See OCGA §§ 16-11-106 (b) (5);

---

[1] Any person who is knowingly in possession of 28 grams or more of methamphetamine commits the crime of trafficking in methamphetamine and, when done with a firearm within arm's reach, is also guilty of possession of a firearm during the commission of a crime. OCGA §§ 16-13-31 (e); 16-11-106 (b) (5). Any person who possesses less than one ounce of marijuana is guilty of a misdemeanor. OCGA §§ 16-13-2 (b); 16-13-30 (j) (1).

16-13-2 (b); 16-13-30 (j) (1); 16-13-31 (e). Rather, he argues that the state did not adequately prove that the hotel room was his and/or that he knew of the presence of the contraband seized. He points to the fact that the registration card for room 132 indicated that the room had most recently been rented to an individual named Tom Smith 16 days before Hall's arrest. Additionally, Hall testified at trial that the room had been given to him the previous day by an individual that he had known for a couple of weeks named "Mark Jones," who had paid for the room through the end of the week but whose whereabouts were then unknown. Hall stated that, although two of the firearms were his, he did not know of the existence of the drugs or other contraband, which he asserted must have been left the previous day by "Mark," who had said that he would return for his personal items.

In essence, Hall is asking this Court to reweigh the evidence and reassess the credibility of the witnesses, which we cannot do. *Dent v. State*, 233 Ga. App. 605, 605-606 (1) (506 SE2d 641) (1998). Viewed in the light most favorable to the verdict, the evidence showed that the officers went to the motel room after being informed by a female witness that there was drug activity in the room involving a man named Michael Hall. Although Hall denied knowledge of the existence of most of the room's contents, the marijuana that prompted Hall's arrest was lying on the bed practically on top of Hall's money clip and a handgun that Hall admitted was his. A pipe and second handgun were also on the bed in plain view. Yet a third weapon that Hall claimed was not his was found in the drawer of a nightstand with Hall's billfold. Hall admitted that there was only one key to the room, which he had, and that no one had brought anything into the room since "Mark" had left more than twenty-four hours before the officers arrived. Hall's occupancy of the motel room in conjunction with the above evidence authorized the jury's verdict. See *Williams v. State*, 262 Ga. App. 67, 68-69 (1) (584 SE2d 625) (2003); *Brown v. State*, 244 Ga. App. 440, 442-443 (2) (535 SE2d 785) (2000).

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED JANUARY 12, 2007.

*Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.