A08A1390. BRYSON v. THE STATE.
(667 SE2d 170)

BARNES, Chief Judge.

Shannon Roy Bryson appeals his conviction for possession of methamphetamine, driving under the influence, open container, and no license on person. Bryson contends the trial court erred by denying his motion for new trial. For the reasons below, we affirm.

> On appeal, the evidence must be viewed in a light most favorable to the verdict, and [Bryson] no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. In evaluating the sufficiency of the evidence, the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations, punctuation and emphasis omitted.) *Johnson v. State*, 239 Ga. App. 886 (522 SE2d 478) (1999).

The evidence shows that around 11:00 p.m., an officer was dispatched to a McDonald's restaurant in Towns County. Upon his arrival, the officer observed a running pickup truck sitting in the drive-thru lane of the restaurant. When the officer approached the vehicle, he saw Bryson in the driver's seat, who appeared to be either sleeping or passed out, with his head back on the headrest, his mouth open, and his foot still on the brake. After shaking him several times,

---

[16] See *State v. Woods*, 280 Ga. 758, 759 (632 SE2d 654) (2006).
[17] See *Valentine v. State*, 289 Ga. App. 60, 62 (2) (656 SE2d 208) (2007).

the officer was able to rouse Bryson and put the vehicle in park. The officer noticed Bryson slurred his words and had a strong smell of alcohol on his breath, so he asked Bryson to step out of the vehicle. The officer testified that Bryson "seemed to be moving slower than a normal person" and that "he was very unsteady on his feet." He asked Bryson for his driver's license, which Bryson could not produce. While Bryson was looking for his license, the officer also noted the top of a red and white can in the console of the truck, which he later identified as a can of Budweiser beer.

The officer then administered an alco-sensor field sobriety test, which registered positive. The officer decided not to administer any other field sobriety tests because he "felt that it would be unsafe because of his exit and how unsteady he was," and did not want to risk Bryson getting injured. The officer arrested Bryson for driving under the influence of alcohol and read him the implied consent notice, after which Bryson responded, "I'm not admitting to nothing," which the officer understood as a refusal. During an inventory search of the truck, the officer found the open can of Budweiser, an unopened can of Budweiser, and a Georgia Bulldogs tin with a substance later identified as methamphetamine inside it.

The only other witnesses at trial were the chemist who identified the substance inside the tin as methamphetamine and Bryson himself. Bryson testified that the truck he was driving the night of the incident was a company vehicle, owned by his development company, and that five or six men in his construction crew had been leasing it from him for the two weeks before the incident. Among other things, Bryson also testified that he was unaware of the Georgia Bulldogs tin and any open containers inside his console; he was awake and coherent when the officer approached his vehicle; he was beside, not in, the drive-thru lane when the officer approached his truck; he had only consumed two Bud Lights that night; he performed more than one field sobriety test; and he pulled over because he felt sleepy or that he may have a seizure, though he refused medical treatment once paramedics arrived at the scene.

A jury convicted him on all counts and he was sentenced to serve 360 days in a probation detention facility and 15 years on probation. Bryson filed a motion for new trial. A hearing was held, and the court denied his motion. This appeal follows.

1. Bryson contends the trial court erred by denying his motion for new trial because the circumstantial evidence admitted at trial was insufficient to warrant a conviction of possession of metham-

phetamine.[1] To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6.

Bryson argues that because he testified that he had no knowledge of the methamphetamine and the State did not present any evidence to contradict or dispute his testimony, his conviction cannot stand. However, it is well settled that "[b]oth knowledge and possession may be proved, like any other fact, by circumstantial evidence." (Punctuation omitted.) *Riley v. State*, 292 Ga. App. 202, 205 (2) (663 SE2d 835) (2008) (quoting *Abernathy v. State*, 278 Ga. App. 574, 578 (1) (630 SE2d 421) (2006)); *Fernandez v. State*, 275 Ga. App. 151, 154 (2) (619 SE2d 821) (2005). Bryson's argument fails to acknowledge that it is the jury's role as factfinder to weigh the evidence presented at trial and to determine the credibility of the witnesses. *Hammontree v. State*, 283 Ga. App. 736, 737 (1) (642 SE2d 412) (2007). Because it involves matters of credibility, the jury must resolve conflicts in the testimony of witnesses, and as long as there is some competent evidence, even if contradicted, to support each necessary element, the jury's verdict will be upheld. *Smith v. State*, 253 Ga. App. 504, 505 (559 SE2d 537) (2002). Furthermore, "[t]he trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony." (Citation and footnote omitted.) *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

The record indicates that the officer found Bryson either passed out or sleeping in his truck, while it was still running and in "drive," in a McDonald's drive-thru lane. The officer testified that Bryson exhibited multiple signs of being under the influence; the officer found the methamphetamine in the center console of the vehicle, where Bryson said he kept personal belongings such as his driver's license; Bryson's company owned the truck, and he drove it regularly; and there were no other passengers in the vehicle when the officer found him. Thus, even though Bryson testified at trial that the methamphetamine was not his, we find there was sufficient circumstantial evidence to support the jury's verdict that he possessed the methamphetamine.

2. Bryson further argues that because he testified that five to six others had equal access to the truck for two weeks before the incident, the evidence does not exclude every other reasonable

---

[1] In his brief, Bryson does not challenge the sufficiency of the evidence on his conviction of driving under the influence, open container, and no license on person; thus, he has waived any challenge to those convictions. Court of Appeals Rule 25 (c) (2).

hypothesis, and therefore, his conviction cannot stand. However, contrary to what Bryson contends, his testimony that others had equal access to his truck does not require the jury to rule in his favor. Although it is well settled that

> [m]erely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. . . . Whether the evidence of equal access is sufficient to rebut any inference of possession arising from discovery of drugs . . . is a question properly left to the jury.

(Citations and punctuation omitted.) *Ramsay v. State*, 175 Ga. App. 97, 99 (7) (332 SE2d 390) (1985). At trial, the jury heard both the officer and Bryson's testimony, and the judge properly charged the jury on the doctrine of equal access. After that, it was up to the jury to determine whether the State proved Bryson was guilty beyond a reasonable doubt or not.

Construing the evidence in the light most favorable to the verdict, we hold that the State presented sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that Bryson possessed methamphetamine.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 22, 2008.

*William D. Smith, David M. Fuller*, for appellant.

*N. Stanley Gunter, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellee.