A08A1190. GOODRUM v. THE STATE.
(668 SE2d 831)

SMITH, Presiding Judge.

Joseph Goodrum was indicted by a Cobb County grand jury for rape, statutory rape, and three counts of child molestation. At trial, a jury found him not guilty of rape and statutory rape, but guilty of all three counts of child molestation. The trial court denied Goodrum's amended motion for new trial, and he appeals, asserting the general grounds, the admission of hearsay testimony, and ineffective assistance of counsel. Finding no error, we affirm.

1. Goodrum first complains that the evidence was insufficient to support his conviction. But the victim testified at trial that Goodrum

committed three acts amounting to child molestation. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact." (Citations and footnote omitted.) *Phagan v. State*, 243 Ga. App. 568, 570 (2) (533 SE2d 757) (2000). And, despite Goodrum's contention, "[t]here is no requirement that the testimony of the victim of child molestation be corroborated. [Cit.]" *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988). The evidence was sufficient to enable a rational trier of fact to convict Goodrum under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Goodrum also complains that the trial court improperly admitted hearsay evidence of a statement by his wife. But Goodrum has waived this claim because he "failed to make a contemporaneous objection to the evidence at trial." (Citations, punctuation and footnote omitted.) *Pierre v. State*, 281 Ga. App. 69, 71 (2) (635 SE2d 363) (2006). Even if Goodrum had made a contemporaneous objection, it would have been without merit. "[T]he prior inconsistent statement of a witness is admissible as substantive evidence if the witness testifies at trial and is subject to cross-examination." (Citations omitted.) *Kinney v. State*, 271 Ga. 877, 880 (2) (525 SE2d 91) (2000). "[E]ven though a witness may recant on the stand, [her] prior inconsistent statements constitute substantive evidence on which the jury may rely." (Citation and footnote omitted.) *Gunsby v. State*, 248 Ga. App. 18 (1) (545 SE2d 56) (2001).

3. Finally, Goodrum asserts several claims of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance, Goodrum must show both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. See generally *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

We have considered all of Goodrum's allegations and have carefully reviewed the transcripts of the trial and the hearing on Goodrum's motion for new trial. The evidence is sufficient to support the trial court's determination that Goodrum's trial counsel did not provide ineffective assistance.

> [W]e do not find it necessary to address specifically and individually each and every one of [Goodrum]'s . . . instances of challenged trial tactics. We simply note that the decisions on which witnesses to call, whether to put on evidence so as to preserve the final word in closing argument, how to conduct cross-examinations, what motions to file, and what objections to make are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel.

(Citations omitted.) *Felder v. State*, 260 Ga. App. 27, 33 (10) (579 SE2d 28) (2003). With respect to those claims as to which Goodrum's appellate counsel failed to examine trial counsel at the hearing on the motion for new trial, "in the absence of testimony to the contrary, counsel's actions are presumed strategic. Because counsel's strategic decisions do not amount to ineffective assistance, we find no clear error by the trial court." (Citations, punctuation and footnotes omitted.) *Abernathy v. State*, 252 Ga. App. 635, 637 (5) (a) (556 SE2d 859) (2001). With respect to Goodrum's claim that his trial counsel was inadequately prepared, the testimony at the hearing on the motion for new trial amply supports the trial court's conclusion that this claim is without merit. Goodrum's acquittal on the charges of rape and statutory rape also supports the conclusion that counsel was adequately prepared. *Ward v. State*, 274 Ga. App. 511, 514 (4) (618 SE2d 154) (2005).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 7, 2008.

*Angela Z. Moore-Brown*, for appellant.
*Patrick H. Head, District Attorney, Jason R. Samuels, John R. Edwards, Assistant District Attorneys*, for appellee.