## A10A0977. MARTIN v. THE STATE.
(700 SE2d 871)

BARNES, Presiding Judge.

Diane Vice Martin appeals her convictions for methamphetamine possession and for forgery in the second degree. She contends the evidence adduced by the State at trial was insufficient to sustain the convictions. For the reasons that follow, we affirm her convictions.

Martin was arrested late in the evening of February 8, 2006, during the execution of a search warrant at the home where she resided in Bartow County. The only other person found in the home during the execution of the search warrant also was arrested; he became Martin's co-defendant at trial. The officers conducting the search found in the bathroom of the home a metallic spoon containing what the officers suspected to be drug residue of the sort common to users of intravenous methamphetamine; laboratory testing later confirmed that the residue was methamphetamine. One of the officers who had executed the warrant testified that Martin exhibited classic signs of methamphetamine intoxication, including dilated pupils, accelerated and repetitive speech, and fidgeting. Photographs of Martin and her co-defendant taken during booking were admitted into evidence and the court found that they corroborated the officer's testimony that Martin appeared intoxicated. The officers also found counterfeit United States currency at the home, both in an uncovered garbage can in the kitchen and in a larger garbage can that leaned against the outside of the home. The officer testified that during booking Martin gave the home as her address of residence, but no evidence was introduced that Martin's co-defendant resided at the home.

The daughter of Martin's boyfriend gave the information leading to the grant of the search warrant. She had been arrested on the morning of February 8, 2006, for having attempted to use counterfeit currency to make a purchase at a local retail store. She testified that she and Martin together had participated in the forging of United States currency at Martin's home. She also testified that, once in

custody, she had informed law enforcement that she had seen methamphetamine there. The daughter further confirmed that Martin lived at the house where the search warrant was executed and that Martin's co-defendant did not.

Both Martin and her co-defendant waived their right to a jury trial and proceeded with a bench trial before the Bartow County Superior Court. At the close of the State's case, Martin and her co-defendant moved for a directed verdict. The court directed a verdict in favor of Martin's co-defendant on all counts, finding that he was not a resident of the home and did not have a possessory interest in any of the contraband found there. While the court directed a verdict in Martin's favor on two of the four counts of the indictment, it denied her motion as to the possession and forgery charges. Ultimately, the court found her guilty of methamphetamine possession and forgery in the second degree. On the possession charge, the court found that the officer's testimony that Martin had exhibited signs of methamphetamine intoxication was sufficient to support the presumption of possession raised by the drugs found in a common area of the home in which she resided. On the forgery charge, the court found the presumption of possession corroborated the testimony of Martin's boyfriend's daughter.

Where, as here, an appellant challenges her conviction on the grounds that the evidence presented against her was insufficient to sustain a conviction, the appropriate standard of review is whether the evidence presented was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). When considering an appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and does not weigh the evidence or pass on the credibility of witnesses. *Hall v. State*, 283 Ga. App. 266, 267 (641 SE2d 264) (2007). As such, this court does not undertake to resolve conflicts or inconsistencies in testimony and "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the [finder of fact's] verdict will be upheld." *Jessup v. State*, 224 Ga. App. 176, 177 (480 SE2d 232) (1996). OCGA § 24-4-6 requires that, when a conviction is based on circumstantial evidence, the evidence adduced must "not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

1. Martin contends that the evidence adduced by the State in support of the charge of methamphetamine possession was insufficient because the circumstantial evidence presented established only Martin's mere presence at the home where the contraband was found, not her possession of it, citing *Foster v. State*, 300 Ga. App. 446

(685 SE2d 422) (2009). The defendant in *Foster* was a passenger in a car that led sheriff's deputies on a high speed pursuit across state lines. Id. at 447. The chase eventually ended when the car crashed into a telephone pole and Foster and the driver fled on foot. Id. A search of the car found a significant quantity of cocaine in the trunk. Id. Because, as distinct from a passenger, "[t]he driver of a vehicle is presumed to have exclusive possession of contraband substances found in the vehicle," and no other evidence connected Foster to the crime, the evidence against him was insufficient and we reversed his conviction for possession. Id. at 449.

A similar presumption exists regarding residents, but not mere occupants, of a house. *Johnson v. State*, 245 Ga. App. 583, 584-585 (538 SE2d 481) (2000) (control may be inferred when the accused is the owner or tenant of the premises where illegal drugs are discovered, but a mere occupant generally does not have the required control over the premises to authorize the inference of possession). Here, the State presented evidence that Martin was the sole resident of the house present during the execution of the search warrant when the methamphetamine was found in a common area of the house, and thus the presumption of possession and control attached.

To rebut the presumption of possession, Martin's father testified that numerous unsavory individuals who Martin did not know hung around the house and that Martin largely confined herself to her bedroom in the home. Generally, where such a presumption is the sole circumstantial evidence inculpating the defendant, "if the proof also shows that others than the accused have equal right of access and occupancy it is usually insufficient." *Paden v. State*, 216 Ga. App. 188, 190 (1) (453 SE2d 788) (1995). That being said, "[w]hether the evidence of equal access is sufficient to rebut any inference of possession arising from discovery of drugs is a question properly left to the [finder of fact]." (Citation and punctuation omitted.) *Bryson v. State*, 293 Ga. App. 392, 395 (2) (667 SE2d 170) (2008).

Here, however, the presumption of possession is not the sole evidence connecting her to the crime of possession. The arresting officer testified that Martin exhibited clear signs of methamphetamine intoxication. Although Martin's father testified at trial that the changes in Martin's habits and demeanor — especially her weight loss and fidgeting — began after her sister and ex-husband died on the same day, he conceded that he could not be sure that this was the reason for the changes. He also testified that it had occurred to him that his daughter might have a drug problem. The resolution of such conflicts in the evidence is for the finder of fact, and we will affirm the verdict of the trial court "as long as there is some competent evidence, even if contradicted, to support each necessary element." *Bryson v. State*, supra, 293 Ga. App. at 394. Evidence of

YALE LAW LIBRARY

intoxication, when combined with the presumption of possession and control found here, is sufficient to support a conviction for possession. Id. Therefore, we find that the evidence supporting Martin's conviction for methamphetamine possession was sufficient.

2. Martin contends that the evidence adduced by the State in support of her conviction for forgery was insufficient due to inconsistencies in the testimony of her boyfriend's daughter, the fact that the daughter had been impeached and shown to be an unreliable witness, and because the testimony of the daughter, an accomplice in the forgery, was not corroborated by the "slight evidence" required by our law. Martin argues that some of the daughter's factual allegations which law enforcement used to form the basis for the search warrant application — from who would be present at the house to the location and amount of drugs and counterfeit currency — were not borne out by the search. The daughter also testified that she did not provide the relevant information to law enforcement until 3:00 a.m. on the day after her arrest, almost four hours after the magistrate judge had approved the search warrant application. On direct examination, she testified that she has been convicted of numerous counts of forgery and identity fraud. Additionally, when asked if she had given the information that led to the search warrant merely to appease law enforcement, she responded, "pretty much."

As noted above, this court does not re-weigh the evidence or pass upon the credibility of witnesses. Whatever purported inconsistencies may have existed in the daughter's testimony were for the finder of fact, in this case the trial court, to weigh and pass upon. Further, the credibility of a witness may be impeached upon a showing that she had been convicted of a crime punishable by imprisonment of one year or more if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. OCGA § 24-9-84.1. However, even if the introduction of evidence of her convictions for forgery and identity fraud were sufficient to impeach the daughter, the credit to be given a witness's testimony where impeached for general bad character shall be for the finder of fact to determine. OCGA §§ 24-9-80; 24-9-85. The court found that, although the daughter was "not the most credible of witnesses," her testimony was an inculpatory statement against her penal interests and that there was no reason not to believe it. The court thus considered the validity of the daughter's testimony in light of the impeaching evidence, and it is not within our purview to upset that judgment.

In a case in which the only witness who can testify to an individual's participation in a crime is an accomplice, the testimony of that accomplice must be corroborated in order for that testimony to be sufficient to sustain a conviction. OCGA § 24-4-8. Here, the only

witness who testified to Martin's participation in the forgery was her boyfriend's daughter, who testified that she and Martin had together forged the counterfeit currency. However, even slight evidence is sufficient to establish corroboration. *Mitchell v. State*, 279 Ga. 158, 159 (1) (611 SE2d 15) (2005). The trial court found that the daughter's testimony was corroborated by the fact that the counterfeit currency was found in a common area of the house where Martin was the only resident. For evidence to be sufficient to corroborate an accomplice's testimony, it does not have to be sufficient in itself to sustain a conviction for the charged offense, nor does the evidence need to match the accomplice's testimony "in every detail." Id. The judgment as to the sufficiency of the corroborating evidence is for the finder of fact to determine, and here the court clearly found that the presumption of possession raised by Martin's residence at the home was sufficiently corroborative. Id.

Because the evidence was sufficient to support a conviction on each of the offenses, the judgment of the trial court is affirmed.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED AUGUST 31, 2010.

*Samir J. Patel*, for appellant.

*T. Joseph Campbell, District Attorney, Suzanne Z. Brookshire, Assistant District Attorney*, for appellee.