### A11A2219. MALDONADO v. THE STATE.
(722 SE2d 123)

ELLINGTON, Judge.

A Gwinnett County jury found Martin Maldonado guilty of trafficking in cocaine, OCGA § 16-13-31 (a) (1) (C) (400 or more grams). He appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support his conviction, that the trial court erred in denying his motions for mistrial, and that his trial counsel was ineffective. Finding no error, we affirm.

---

1. Viewed in the light most favorable to the jury's verdict,[1] the record shows the following. On the morning of June 12, 2009, the City of Snellville Police Department set up a roadblock in Snellville, Gwinnett County, to check for seatbelt and license violations. At about 10:00 a.m., Maldonado passed through the check point, and the officers discovered that he did not have a driver's license. Although the truck that Maldonado was driving was registered to another person, Maldonado said the truck was his. Maldonado moved the truck out of the roadway, and a police sergeant advised him that he was under arrest for driving without a license. The sergeant allowed Maldonado to use a cell phone to call someone to come retrieve the truck. However, because the friend could not get there within the hour and because police policy dictated that the truck had to be removed from the roadside within 30 minutes, the sergeant informed Maldonado that his truck would be impounded. Maldonado asked that the truck bed be secured because all of his belongings were in it.

When the sergeant inventoried the truck's contents prior to releasing it to the towing company, he discovered in a tool box what appeared to be dark-colored bricks, taped together and covered with grease. The sergeant testified that, based on his training and experience, he had reason to believe that the bricks were illegal narcotics. He cut open one of the bricks and used a field kit to test the substance inside, and the test yielded a positive result for cocaine. The suspected cocaine was later analyzed by a forensic chemist with the Georgia Bureau of Investigation, who testified that the bricks contained 10,733.48 grams of 72.3 percent pure cocaine. The cocaine had a street value of about $1 million.

Maldonado argues that the evidence shows, at most, that he was merely present and that others had equal access to the truck bed. Therefore, he argues, the State's evidence was insufficient to show that he knowingly possessed the cocaine.[2] Under Georgia law, "[t]he driver of a vehicle is presumed to have exclusive possession of contraband substances found in the vehicle." (Citation omitted.) *Foster v. State*, 300 Ga. App. 446, 449 (1) (685 SE2d 422) (2009). That presumption is rebuttable. Id.

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] OCGA § 16-13-31 (a) (1) defines trafficking in cocaine, in relevant part, as being "knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine[.]"

> had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. It is not an affirmative defense for which the burden to disprove falls on the State.

(Citation and punctuation omitted.) *Marion v. State*, 268 Ga. App. 699, 700 (1) (b) (603 SE2d 321) (2004). "[W]hether the equal access evidence is sufficient to rebut the inference of possession is a question for the jury." (Footnote omitted.) *Bodiford v. State*, 246 Ga. App. 879, 880 (1) (542 SE2d 628) (2000).

The evidence shows that Maldonado claimed ownership of the truck, though it was registered to someone else. Maldonado asserted possession and control over contents of the truck bed during the traffic stop. It is uncontroverted that he was the sole occupant of the vehicle, and there was no evidence adduced demonstrating that anyone else had access to the contents of the truck. The jury could also infer from the value of the cocaine that its owner would keep it close to him. Given this evidence, the jury was authorized to rely on the presumption of possession and was not compelled to find that the presumption had been rebutted. See *Hamilton v. State*, 293 Ga. App. 297, 298-299 (1) (a) (666 SE2d 630) (2008). Consequently, the evidence authorized the jury to find Maldonado guilty of trafficking in cocaine beyond a reasonable doubt. See id.

2. Maldonado contends that the trial court erred in refusing to grant a motion for mistrial after a witness commented on his silence. The record, however, does not reveal an improper comment. The statement at issue is as follows:

> Prosecutor: Did you inform [Maldonado] that he was being arrested for the drugs at that time?
> Officer: I advised him — after he asked me if there was somebody that could speak Spanish, I advised him that I did want to talk to him about the large amount of cocaine that was found in the back of his vehicle.
> Prosecutor: Let me move on. What happened to Mr. Maldonado at that time, was he taken into custody and taken for booking at the jail?

As the trial court properly found, the officer's statement that he wanted to talk to Maldonado about the cocaine is not the equivalent of a statement that Maldonado had declined to speak with him or had invoked his right to remain silent. Nor is Maldonado's alleged refusal to speak to the officer a reasonable inference that may be drawn from

the officer's statement, especially since Maldonado was asking for an interpreter, which suggests a desire to speak. The prosecutor did not dwell on this line of questioning, but moved on to a discussion of Maldonado's arrest and the disposition of the contraband seized, including the chain of custody of the cocaine. Because there is nothing in this line of questioning that improperly touched upon Maldonado's right to remain silent, the court did not err in denying the motion for mistrial. See *Franks v. State*, 301 Ga. App. 590, 591 (688 SE2d 382) (2009) ("[T]he officer's recitation was interrupted; and there was no testimony that could be fairly construed as commenting or even touching upon whether [the defendant] had exercised his right to remain silent.") (footnote omitted).

3. Maldonado contends that the trial court should have granted his motion for a mistrial, contending that the prosecutor elicited the officer's statement that Maldonado told him that all of his belongings were in the bed of the truck in violation of a granted motion in limine that prohibited reference to any statements made by Maldonado after arrest. We disagree.

The order granting Maldonado's motion in limine provides, in pertinent part:

> The State does not allege that the Defendant made any Involuntary Statements, Admissions and/or Confessions. Therefore, IT IS SO ORDERED that the Court GRANTS Defendant's Motion and any and all involuntary statements, admissions, and/or confessions are excluded from evidence in the above-styled case.

Although Maldonado's statement that all of his belongings were in the bed of the truck was made after his arrest, the record shows that the statement was not prompted by police questioning, but was a voluntary utterance he made upon learning that his truck was going to be impounded. The trial court found the statement to be a "voluntary outburst" and ruled that the statement was admissible since it was not subject to the terms of the order, was not the result of any police interrogation, and constituted probative evidence. We discern no error with the court's ruling. See *State v. Davison*, 280 Ga. 84, 87-88 (2) (623 SE2d 500) (2005) ("[v]oluntary, spontaneous outbursts that are not made in response to any form of custodial questioning or interrogation are admissible at trial") (citation and punctuation omitted).

Given that the record supports the trial court's finding that Maldonado's request was not an involuntary statement, admission, or confession falling within the ambit of the motion in limine, the trial court did not err in denying the motion for mistrial. See

*Hernandez v. State*, 291 Ga. App. 562, 565 (1) (662 SE2d 325) (2008) ("The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial.") (punctuation and footnote omitted).

4. Maldonado contends his trial counsel was ineffective because he did not inform him of the evidence that the State had against him, specifically, the contents of the State's discovery package. Counsel testified during the hearing on the motion for new trial, however, that he received the State's discovery and that he later discussed the State's evidence with Maldonado at the jail with the assistance of an interpreter. The trial court, therefore, ruled, inter alia, that Maldonado "completely failed to make any showing whatsoever" that counsel's performance was deficient. We agree.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.

(Citations and punctuation omitted.) *Rector v. State*, 285 Ga. 714, 716-717 (6) (681 SE2d 157) (2009). If an appellant fails to meet his or her burden of proving either prong of this test, the reviewing court does not have to examine the other prong. Id. "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) Id. Because Maldonado did not carry his burden of showing that counsel's performance was deficient, his claim of ineffective assistance of counsel must fail. See id.

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

DECIDED JANUARY 11, 2012.

*Alvis M. Moore, Patrick A. Powell*, for appellant.
*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.